[Cite as *In re R.C.*, 2014-Ohio-2610.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| R. C. | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| A MINOR CHILD | : | |
| | : | Case No. 2014CA00023 |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:         Appeal from the Court of Common
                                 Pleas, Juvenile Division, Case No.
                                 2013JCV00131


JUDGMENT:                        Affirmed


DATE OF JUDGMENT:                June 16, 2014


APPEARANCES:

For Appellant                           For Appellee

DAVID L. SMITH                          LISA A. LOUY
245 33rd Street, NW                     221 Third Street, SE
Canton, OH  44709                       Canton, OH  44702

*Farmer, P.J.*

{¶1}   On February 8, 2013, appellee, the Stark County Department of Job and Family Services, filed a complaint for temporary custody of R. C. born March 28, 2000, alleging the child to be dependent and/or neglected. Mother of the child is appellant, Angela Ball; father is Angelo Collazo, Jr.  By judgment entry filed April 4, 2013, the trial court found the child to be dependent and granted temporary custody of the child to appellee.

{¶2}   On November 12, 2013, appellee filed a motion for permanent custody.  A hearing was held on January 15, 2014.  By judgment entry filed January 21, 2014, the trial court granted permanent custody of the child to appellee.  The trial court filed findings of fact and conclusions of law contemporaneously with the judgment entry.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}   "THE JUDGMENT OF THE TRIAL COURT THAT APPELLANT ABANDONED THE MINOR CHILD WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

II

{¶5}   "THE COURT'S ORDER STATING THAT [R.] [C.] COULD NOT BE PLACED WITH ANY BIOLOGICAL PARENT AT THE TIME OF TRIAL OR WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

I, II

{¶6}    Appellant claims the trial court's finding that she had abandoned her child and the child could not be placed with any biological parent within a reasonable time was against the manifest weight and sufficiency of the evidence.  We disagree.

{¶7}    On review for manifest weight, the standard in a civil case is identical to the standard in a criminal case: a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury [or finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."  *State v. Martin,* 20 Ohio App.3d 172, 175 (1983).  See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52; *Eastley v. Volkman,* 132 Ohio St.3d 328, 2012-Ohio-2179.

{¶8}    R.C. 2151.414(E) sets out the factors relevant to determining permanent custody.  Said section states in pertinent part the following:

> (E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence.  If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the

child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:

(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.

(12) The parent is incarcerated at the time of the filing of the motion for permanent custody or the dispositional hearing of the child and will not be available to care for the child for at least eighteen months after the filing of the motion for permanent custody or the dispositional hearing.

(16) Any other factor the court considers relevant.


{¶9}  R.C. 2151.414(B)(1)(b) specifically states permanent custody may be granted if the trial court determines, by clear and convincing evidence, that it is in the best interest of the child and the "child is abandoned."  Clear and convincing evidence is

that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus. See also, *In re Adoption of Holcomb,* 18 Ohio St.3d 361 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross* at 477.

{¶10} R.C. 2151.414(D)(1) sets forth the factors a trial court shall consider in determining the best interests of a child:

(D)(1) In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 or division (C) of section 2151.415 of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following:

(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services

agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state;

(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

{¶11} In its decision filed January 21, 2014, the trial court determined the following:

3. [R.] [C.] cannot be placed with Mother or Father, or any relative at this time or within a reasonable period of time.

4. Father, Angelo Collazo, Jr., abandoned this child by failing to visit with her for a period in excess of ninety (90) days.

5. Legal custodian, Kimberly Harlan, abandoned this child by failing to visit with her for a period in excess of ninety (90) days.

6. Mother, Angela Ball, abandoned this child by failing to visit with for a period in excess of ninety (90) days.

7. This child cannot be placed with Mother due to incarceration for a period of ten (10) years of which she has only served five (5) years.

8. It is in the best interest of [R.] [C.], born March 28, 2000, that permanent custody be granted to the Stark county Department of Job and Family Services.

{¶12} In its findings of fact filed contemporaneously with the judgment entry, the trial court specifically found the following relative to R.C. 2151.414(B)(1)(b):

1. This case involves one child namely, [R.] [C.], born March 28, 2000. Mother is (sic) this child is Angela Ball and father is Angelo Collazo, Jr. The case began when the legal custodian, Kimberly Harlan, could no longer care for the child. She has been in Agency custody since April 4, 2013. Mother is currently incarcerated serving a ten year sentence in prison. Mother is not available to care for this child. Counsel for Kimberly Harlan appeared and stated that despite his client's failure to appear, she agreed that permanent custody was in the best interest of [R.].

2. Rachel Weingart is the ongoing caseworker for this child. She has been involved since May 2013. Since that time Mother had three visits with the child at prison. The first occurred in August 2013, then in September 2013, and the last occurred in November 2013. Ms. Weingart

testified that prior to Mother's visits in prison she failed to visit with her for a period in excess of 90 days.

{¶13} It is appellant's position that because she saw the child during prison visits on August 20, September 3, and November 16, 2013, she had not abandoned her child. T. at 23. Appellant's contact with the child was only recent, and there existed a period of ninety days wherein there had been no contact. T. at 15. The visits were requested by the child and were managed by appellee. T. at 23.

{¶14} Although originally there was relative placement (Kimberly Harlan), that was terminated by Ms. Harlan, and numerous other family placements have failed. T. at 10, 13-14, 22.

{¶15} Appellant is in the middle of a ten year prison term for aggravated vehicular homicide. T. at 11-12. Any return to appellant of this thirteen year old child would be after the child reaches the age of majority. Father is not interested in placement and has not completed any documents as requested by the caseworker. T. at 12.

{¶16} We find the undisputed tragic facts of this case unfortunately lead to the conclusion that this child has been abandoned by both parents and relative placement is not available.

{¶17} We concur with the trial court's determination that the necessity for permanent custody has been established by sufficient clear and convincing evidence. A five year wait for reunification is clearly not a reasonable amount of time.

{¶18} Because of these facts, the child has been subjected to and affected by the various placements as explained by the caseworker (T. at 20):

A. I think the profound effect on the child is that she's had um a lot of disappointments in her life. She's had many people who have given up on her. Um family members have tried to manipulate this case by manipulating her. Um putting too much...she feels like she has to be in charge of how her life is. And she's only thirteen years old. Um she, she's just...her family has lied to her. They've told her yes she can live with, you can live with us, and then told the Agency no we're not prepared to have her. And it's just, she's had so much disruption.

{¶19} The child has bonded with her foster mother and the foster mother is committed to the child. T. at 21-22. The caseworker opined the child's best interest would be best served with permanent custody to appellee (T. at 23-24):

A. Because [R.] needs a permanent placement. She needs it. She's never ever had a place where she belongs. And where, no matter how she acts out, or chooses to be, they stick by her. She's never had that. And every child deserves that. And [R.], my heart breaks for [R.] because she's just had such a rough time. And I want to see that for her too. I know that, I mean if the Agency were granted permanent custody, there's no guarantee that [R.] could maintain contact with her family. But

as an Agency, our policy is to try to maintain those ties and those bonds, even in an adoptive placement. And so I don't see that [R.] would lose anything, but would gain a lot.

{¶20} We find the best interest of the child was fully established.

{¶21} Upon review, we find the trial court's decision to grant permanent custody of the child to appellee is not against the manifest weight of the evidence.

{¶22} Assignments of Error I and II are denied.

{¶23} The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby affirmed.

By Farmer, P.J.

Delaney, J. and

Baldwin, J. concur.

SGF/sg 520